UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL CAGLE,

                                        Plaintiff,

                                                              9:04-CV-1151
                v.                                            (TJM)(GHL)

P. PERRY, Sgt.; J. PRICE, Correctional Officer; M. RILEY,
Correctional Officer; W. EATON; and W. BROWN,

                                        Defendants.

APPEARANCES                                      OF COUNSEL

MICHAEL CAGLE
99-A-6191
Plaintiff, *pro se*

OFFICE OF THE NEW YORK                    PATRICK F. MACRAE, AAG
STATE ATTORNEY GENERAL
Attorneys for Defendants

THOMAS J. MCAVOY, Senior Judge

## DECISION AND ORDER

        Plaintiff Michael Cagle commenced this action on October 4, 2004.  *See* Dkt. No. 1.

After this Court issued several Orders directing Plaintiff to amend his original complaint and

several subsequent amended complaints (*see* Dkt. Nos. 7, 10, and 14), Plaintiff submitted an

amended complaint on April 13, 2004.  *See* Dkt. No. 15.  In his amended complaint, Plaintiff

alleged wrongdoing against Defendants P. Perry, J. Price, M. Riley, W. Eaton, and W. Brown

regarding incidents that occurred at Upstate Correctional Facility ("Upstate").  *See id.*  By Order

dated April 27, 2004, the Court approved Plaintiff's amended complaint for filing and directed

service of the amended complaint.  *See* Dkt. No. 16.

        Currently before the Court is Plaintiff's motion for injunctive relief.  *See* Dkt. No. 17.

Defendants have not responded to the motion.

In his motion, Plaintiff alleges that on April 29, 2005, while incarcerated at Upstate, he was "physically beaten" by correctional officers L. Russle and T. Ramsdell. Dkt. No. 17 at 1. Russle and Ramsdell are not parties to this action; however, Plaintiff alleges that Russle and Ramsdell assaulted Plaintiff at the request of two of the Defendants herein -- J. Price and M. Riley. *See id.* Plaintiff seeks a Court Order transferring Plaintiff to another correctional facility. *See id.* at 3.

The standard that a court must apply in considering a motion for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), the movant "must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Id.* at 77 (citation omitted) (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (adopting a magistrate judge's recommendation that the court deny an inmate's request for injunctive relief).

However, to the extent that Plaintiff only seeks transfer to another facility, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Thus, there is no legal basis for this Court to order Plaintiff's transfer to another facility. Therefore, the Court must deny Plaintiff's motion for injunctive relief.

**WHEREFORE**, on the basis of the above, it is hereby

**ORDERED**, that Plaintiff's motion for injunctive relief (Dkt. No. 15) is **DENIED**, and it

-2-

is further

     **ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated:February 8,2006

Thomas J. McAvoy
Senior, U.S. District Judge